OPINION OF THE COURT
John A. Milano, J.
When is the CPL 170.70 date? Although to the layman or to *600 the civil practitioner this question may make no sense, the answer is of daily importance to the criminal defense lawyer, the prosecutor and to the presiding arraignment Judge. Simply put the 170.70 date (Le., CPL 170.70) is that date on which an in-custody defendant, against whom a misdemeanor complaint is pending, must be released if no information has been filed to replace the complaint (CPL 170.70 contains two exceptions to the general rule but for the purposes of this decision said exceptions are not germane here). Specifically the statute provides as follows: "Upon application of a defendant against whom a misdemeanor complaint is pending in a local criminal court, and who, either at the time of his arraignment thereon or subsequent thereto, has been committed to the custody of the sheriff pending disposition of the action, and who has been confined in such custody for a period of more than five days, not including Sunday, without any information having been filed in replacement of such misdemeanor complaint, the criminal court must release the defendant on his own recognizance”.
In the case at bar, the defendants were arraigned in Queens Criminal Court, Part AR3, on May 9, 1989, on a charge of criminal possession of a controlled substance (Penal Law §220.03). The case was adjourned to Friday, May 12, 1989, Part API, pursuant to CPL 170.70. On Friday, May 12, 1989, no lab report corroborating affidavits were filed and the docket was not converted to an information. The defendants thereupon moved to be released, as per CPL 170.70, but said application was denied. The case was then adjourned to Monday, May 15, 1989.
Later on Friday, May 12, 1989, the defendant’s attorney sought a writ of habeas corpus, contending that on May 15 (the adjourned date) the defendants would have been incarcerated for more than five days as provided by CPL 170.70. Said writ was allowed by Supreme Court Justice Arthur Cooper-man on May 12, 1989. As per that writ the matter came before this court in its capacity as acting Supreme Court Justice presiding at a Criminal Term of the Supreme Court of the State of New York on May 13,1989.
The question thus presented on May 13 was whether this court was bound to grant the writ of habeas corpus at that time, thereby implicitly holding that an adjournment to May 15 would be beyond the CPL 170.70 date. This court dismisses the writ for the reasons set forth below.
*601 Before explaining why this writ is dismissed, it is first necessary to establish the CPL 170.70 date in this matter. As noted above the defendants were arraigned on Tuesday, May 9. While at one time it was argued that for purposes of CPL 170.70 the five-day limit does not begin to run until the day after the arraignment date, it is now clear that in calculating the five-day period, the first day of custody (here May 9, 1989) should be counted. Said principle has been established by the Court of Appeals in the case of People ex rel. Neufeld v McMickens (70 NY2d 763). In applying this rule to the facts at bar, it is clear that the defendants would have been in custody for five days as of Monday, May 15, 1989, (i.e., Tuesday, Wednesday, Thursday, Friday, Saturday, with Sunday being excluded under the statute). The defendants argue that since no information or lab report was filed they must be released on Saturday, May 13, 1989, or CPL 170.70 would be violated. However, when the language of CPL 170.70 is more closely scrutinized, it is clear that automatic release is not to be entertained until the in-custody defendant "has been confined in such custody for a period of more than five days, not including Sunday” (emphasis added). "More than five days” means that an interval of time beyond the fifth day of custody must pass before the provisions of CPL 170.70 take effect. Thus, these defendants were actually not in custody more than five days until Monday, May 15, 1989. Moreover, and with an eye towards what is realistic and practical, the earliest that defendants could have been entitled to release as per CPL 170.70 would have been the 9:30 a.m. calendar call on Monday, May 15, 1989. At that time, and only at that time, defendants would have been in custody for a period of more than five days, and at that time a court could determine if, in fact, they were entitled to release as per CPL 170.70.
Therefore, since defendants were not in custody more than five days as of Saturday, May 13, 1989, the requirement of CPL 170.70 had not been met and the writ of habeas corpus must be dismissed.